STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 16809.

United States Court of Appeals Seventh Circuit.

Aug. 1, 1969.

George G. Gallantz, New York City, Lee C. Shaw, Walter P. Loomis, Chicago, Ill., Donald P. McHugh, Bloomington, Ill., Marvin Dicker, L. Robert Batterman, New York City, for petitioner, Proskauer, Rose, Goetz & Mendelsohn, New York City, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., of counsel.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Solomon I. Hirsh, Atty., N.L.R.

B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Warren M. Davison, Richard S. Rodin, Attys., N.L.R.B., for respondent.

Before KILEY and FAIRCHILD, Circuit Judges, and WISE,* District Judge.

KILEY, Circuit Judge.

This is a petition to review and set aside the National Labor Relations Board's order that petitioner State Farm Mutual (Company) bargain with the union [1] representing State Farm claim representatives. We deny the petition and, in accordance with the Board's cross-petition, enforce the order.

The question raised by the Company's petition to review is whether the Company's claim representatives supervised by a divisional claim superintendent form an appropriate unit so as to justify the Board's order that the Company bargain with the union representing the unit. Essentially the same question was raised earlier by the Company in this court in State Farm Mutual Auto Ins. Co. v. N.L.R.B., 411 F.2d 356 (7th Cir., March 26, 1969), referred to here as *State Farm I*. We shall herein refer to the case before us as *State Farm II*.

In *State Farm I* the Company refused to bargain with the union [2] which had been certified as bargaining representative for the Company's claim representatives or adjusters working in New York City and in the lower part of Westchester County. In *State Farm II* now before us the ACA was certified as bargaining representative for the claim representatives in Nassau and Suffolk Counties, who had earlier rejected IWIU in the election.

In *State Farm I* this court en banc held that the Board did not abuse its discretion in choosing the Company's claim representatives as an appropriate unit for bargaining. We granted enforcement of the summary judgment order of the Board that the Company bargain with IWIU. That decision virtually disposed of the question presented in *State Farm II* by the Company's main brief and the Board's brief, *i.e.*, whether the unit chosen was appropriate. In the Company's reply brief filed April 14, 1969, however, reliance is placed on the recent Second Circuit case, Pepsi-Cola Buffalo Bottling Co. v. NLRB, 409 F.2d 676 (2d Cir. 1969), to set aside the Board's summary judgment before us, not on the ground that the unit is inappropriate, but on the ground that the Board failed to make its own determination that the unit is appropriate.[3]

In essence, the Company's reply brief argues that when the hearing in *State Farm II* was held, it was able "for the first time" to prove that the unit determination in *State Farm I* "must inevitably" lead to labor strife. The reason —as stated in the Company's main brief —is that the unit chosen by the Board is "unstable and subversive of efficient collective bargaining and harmonious labor relations." The Company argues that since the Board itself has not considered these "new facts" on their merits, its order should be set aside under the *Pepsi-Cola* decision. In view of our decision in *State Farm I*, we limited oral argument in *State Farm II* to the issue whether the *Pepsi-Cola* decision should govern this case.

The "new facts" are: The Company in 1967—after the Board's decision in *State Farm I*—added a "fifth divisional claim superintendent" responsible for three "claim representatives" in New York City and two in Nassau and Suffolk Counties. The result is that three claim representatives in New York City

---

* Judge Wise, from the Eastern District of Illinois, is sitting by designation.

1. American Communications Association (ACA).

2. Insurance Workers International Union (IWIU).

3. On May 5, 1969, we granted leave to the Board to file as a supplemental memorandum, a copy of its petition for rehearing in the *Pepsi-Cola* case.

are members of IWIU and two in Nassau and Suffolk Counties are members of ACA. And the Company now faces different bargaining agreements of rival unions representing members doing the same work under a single supervisor.

*Pepsi-Cola* is distinguishable from *State Farm II*. In *Pepsi-Cola* the court held that the Board failed to perform its statutory function of independently determining the "crucial issue"—whether Pepsi-Cola's distributors were employees. Instead, the Board, having denied petition to review the Regional Director's determination, thereby affirmed it and incorporated that determination into its order. Here the Board has reviewed the record.

In *State Farm I* the Regional Director had determined that the Company's claim representatives constituted an appropriate unit. In the unfair labor practice proceeding the Company sought to have the Board transfer the cause to a trial examiner for further hearing on the issue of appropriateness of the unit. The Board refused on two grounds: since the evidence was merely cumulative, the issue "need not be relitigated"; and since the evidence to be offered at the "further hearing" was available at the time of the representative hearing, the Company had the duty to produce the evidence there. This court's opinion, filed March 26, 1969, found no abuse of the Board's discretion in the Board's ruling. *State Farm I*, 411 F.2d 356.

Meanwhile, ACA filed its representation petition May 8, 1967, to begin this, the *State Farm II* proceeding. A hearing was held on the same issue that was heard at the corresponding hearing in *State Farm I*. The record in *State Farm I* was introduced before the hearing officer and the additional evidence—for which the Company sought the "further hearing" in *State Farm I*—was introduced. This included the history since 1958 up to late 1967 of the Company organization in creating additional divisional claim superintendents and reassigning existing ones. The Company urged on this evidence that the claim representatives unit chosen by the Board in *State Farm I* was subject to "constant and frequent change" with representatives in and out of the unit and no "stability of collective bargaining." The Regional Director, on the record of *State Farm I* and the additional evidence, determined the claim representatives formed an appropriate unit. The union's certification, the Company's refusal to bargain, and the unfair labor practice proceeding in *State Farm II* followed.

In its answer to the General Counsel's complaint the Company stated the unit was "arbitrary," bore no relationship to the Company operating structure, unreasonably divided a "homogenous group of employees" and would result in "chaos and labor unrest." The General Counsel moved for summary judgment, pointing out that the Company's answer did not assert newly discovered evidence or its unavailability at the representative hearing in *State Farm II*. The Company's response to the motion set out, in substance, the additional facts testified to at the hearing, and stated that if the Board would reconsider its decision denying petition to review, the Company would show that the superintendent added in 1967 was supervising the claim representatives "in the same 'unit,' doing the same work, but * * * represented by two * * * unions."

The Board ordered the proceeding before the Regional Director transferred to itself. In its Decision and Order "upon the entire record in this case," the Board granted summary judgment on the General Counsel's motion. It reviewed the substance of the entire proceeding, including the contentions asserted by the Company in its opposition to the summary judgment motion. These were the asserted changes in the Company structure, and the chaos, etc., due to result from the arbitrary unit chosen. The Board noted it had considered the same contentions previously and found the General Counsel's allegations supported by the record or admitted. The Board then found, *inter alia*, that the claim rep-

resentatives constituted an appropriate unit.

The uncontroverted "new facts" were before the Board when it ruled on the summary judgment motion. There was no genuine issue of material fact raised by the motion and "opposition." The Board itself determined the "crucial issue."

We conclude therefore that the decision in Pepsi-Cola Buffalo Bottling Co. v. NLRB, 409 F.2d 676 (2d Cir. 1969), does not govern *State Farm II*.

The order will be enforced.